No. 143

PENCE v. STATE

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1521. Decided Oct. 30, 1927

Washburn, J., 9th Dist., sitting.

429. DYING DECLARATIONS—The fact that victim of homicide, in connection with dying declarations made as to the homicide, spoke to her children and of their future, does not affect the competency of such declarations; nor does the fact that they were made on different occasions but always under sense of impending death, make them incompetent as evidence.

First Publication of this Opinion

ALLREAD, J.

Harley Pence was indicted and convicted of murder in the first degree without a recommendation of mercy in the Franklin Common Pleas. The homicide was alleged to have been committed on one Marjorie Boddy at whose home Pence resided as a roomer. The State's evidence shows that Pence went to Delaware on the day of the homicide and purchased a revolver.

The evidence disclosed that Mrs. Boddy staggered out on the porch stating that she was shot by the man in the house which was Pence. Pence himself was shot, the ball entering the breast. He supposed he was dying, and he admitted at that time that he shot Mrs. Boddy, and also himself.

The Court of Appeals on proceedings in error, held:—

1. The neighbors and the police testify to the dying declarations of Mrs. Boddy; and the police and others testify to the declarations of Harley Pence.

2. The dying declarations of Mrs. Boddy were competent evidence she fully appreciated that she was in a dying condition; and the declarations were entirely competent although they were given on different occasions; in view of the fact that they were made under sense of impending death.

3. The fact that in connection with the statements as to the homicide, Mrs. Boddy spoke to her children and of the children as to their future, does not weaken or affect the competency of her declaration concerning the homicide.

4. Letters written by Mrs. Boddy to Pence more than a year before the homicide, were incompetent and properly excluded; and the fact that the relationship between him and the deceased was proper or improper would be no defense or mitigation to the charge of murder.

5. The circumstances of the case tend to support the dying declarations of Mrs. Boddy and the confession of Pence immediately after the homicide.

6. It is urged that the letters and a telegram to Pence's wife might have been properly received as a basis for a recommendation of mercy.

7. It was not intended that the scope of the evidence on the trial of a murder case was to be enlarged beyond the issues in order to lay a predicate for a recommendation of mercy. The legislature intended that the jury might in view of competent evidence, make or refuse a recommendation of mercy.

Judgment affirmed.

(Kunkle & Washburn, JJ., concur.)

Attorneys—D. B. Ulroy, Dora Bachman and Harley E. Peters for Pence; John R. King, Pros. Atty., and John Cooper, Asst. Pros. Atty., for State; all of Columbus.

Note—Motion for leave to file petition in error overruled, 5 Abs. 10.